UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY HARRIS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BECHTEL MARINE PROPULSION CORPORATION and FLUOR MARINE PROPULSION, LLC,<br><br>　　　　　　Defendants. | Case No. 4:20-cv-00360-JCG<br><br>**OPINION AND ORDER ON MOTION TO COMPEL** |

　　　　This matter involves a discovery dispute in an action brought by Plaintiff Zachary Harris ("Plaintiff") for disability discrimination (or failure to accommodate) and retaliation under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, and the Idaho Human Rights Act ("IHRA"), Idaho Code § 67-5901, and retaliation and interference under the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601.  Compl. and Demand Jury Trial ("Complaint") (Dkt. 1).

　　　　Before the Court is the Motion to Compel (Dkt. 30) filed by Plaintiff under Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure.  Mot. Compel at 1.  Plaintiff asserts that Defendants Bechtel Marine Propulsion Corporation ("Bechtel") and Fluor Marine Propulsion Corporation, LLC (collectively, "Defendants") have not complied with requests for production No. 29 and No. 30, requests for the personnel files of individuals involved in the investigation of Plaintiff, and requests for communications

**OPINION AND ORDER ON MOTION TO COMPEL – 1**

and correspondence discussing Plaintiff or Plaintiff's alleged conduct. Mem. Supp. Mot. Compel ("Pl.'s Mem.") at 3 (Dkt. 30-1). Defendants contend that Plaintiff is not entitled to the requested discovery and ask the Court to deny Plaintiff's Motion to Compel. Defs.' Resp. Mot. Compel ("Defs.' Resp.") at 12 (Dkt. 34). For the following reasons, the Court grants in part and denies in part the Motion to Compel.

## BACKGROUND

Plaintiff pleads the following facts in the Complaint.

Plaintiff was employed by Bechtel at the Naval Reactors Facility in Idaho from mid-September 2010 until November 2015 as a Security Police Officer. Compl. ¶ 13; Defs.' Resp. at 2. In November 2015, he changed positions and began working as a Nuclear Working Technician for Bechtel. Compl. ¶ 13.[1]

On or about January 26, 2018, Plaintiff had surgery on his hands due to carpal tunnel syndrome he developed due to his job duties. Compl. ¶ 16. Plaintiff returned to work on light duty on February 19, 2018. Id. ¶ 18. In mid-March 2018, Plaintiff learned that he needed surgery on his shoulder. Id. ¶ 19. Plaintiff's surgery was scheduled for April 11, 2018. Id. ¶ 20. Plaintiff's request for leave from April 11, 2018 to approximately June 6, 2018 was approved. Id. Plaintiff's doctor released Plaintiff to return to work on light duty on July 23, 2018. Id. ¶ 21. Human Resources ("HR") informed Plaintiff that because his shoulder issues and surgery were not related to

---

[1] Fluor Marine Propulsion, LLC has managed the Naval Reactors Facility in Idaho since October 1, 2018. Defs.' Resp. at 1.

**OPINION AND ORDER ON MOTION TO COMPEL – 2**

worker's compensation, his employer was not required to provide light duty work.  Id. ¶ 22.  Plaintiff was sent home and directed not to return until he had fully recovered.  Id. ¶ 23.

Plaintiff returned to work with a full release from his doctor on September 4, 2018.  Id. ¶ 24.  Shortly after Plaintiff arrived at work, Plaintiff met with HR manager Jake Erickson, who questioned Plaintiff regarding whether he had "faked an injury to get out of work," viewed pornography on the bus, or discussed his sex life at work, and informed Plaintiff that Bechtel would be investigating Plaintiff's conduct.  Id. ¶¶ 25, 31.  The next day, Plaintiff raised concerns with his manager, and then Mr. Erickson, about the reasons for the investigation and that the investigation was being conducted as retaliation against him.  Id. ¶¶ 32, 33.  Mr. Erickson informed Plaintiff that he was being placed on suspension until the investigation had concluded.  Id. ¶ 34.

On or about September 27, 2018, while Plaintiff was still on suspension, Plaintiff was terminated for violation of Bechtel's Rules of Conduct Policy – Harassment Free Workplace.  Id. ¶ 35.

## JURISDICTION

The Court has jurisdiction over the underlying action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## DISCUSSION

"[P]retrial discovery is normally to be accorded a broad and liberal treatment," Herbert v. Lando, 441 U.S. 153, 183 (1979) (citation and internal quotation marks

**OPINION AND ORDER ON MOTION TO COMPEL – 3**

omitted), because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth," Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993).  Rule 26 of the Federal Rules of Civil Procedure, as amended effective December 1, 2015, permits discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

First, Plaintiff asks the Court to compel production of employee records responsive to requests for production No. 29 and No. 30.  Pl.'s Mem. at 4–7.  Plaintiff made the following requests for production, among others, on or about March 19, 2021:

> **REQUEST FOR PRODUCTION NO. 29:**  Please produce all documents and information related to any other complaints of sexual harassment or sexual misconduct of any other employees, including any allegations that any employee other than Zack Harris viewed pornography, whether at work or off site.
>
> **REQUEST FOR PRODUCTION NO. 30:**  Please produce all documents and information related to any other employee who took FMLA leave during the past 5 years.

Id. at 1–2 (citing Decl. Amanda E. Ulrich Supp. Mot. Compel ("Ulrich Decl.") ¶ 4 (Dkt. 30-2) (citing Pl.'s Second Disc. Reqs. Def. (Dkt. 30-5)).  Plaintiff asserts that he intended the requests to be for records from the five years prior to the date of Plaintiff's termination, which was on or about September 27, 2018.  Id. at 3; Compl. ¶ 35.

**OPINION AND ORDER ON MOTION TO COMPEL – 4**

As to request for production No. 29, Plaintiff represents that Defendants have only produced records regarding violations of the sexual harassment policy that occurred subsequent to Plaintiff's termination.  See Pl.'s Mem. at 3.  Defendants argue that employee records dating from five years prior to Plaintiff's termination are irrelevant because the responsive employee records would be for employees who are too remote in time to be similarly situated.  Defs.' Resp. at 6–8.  The Court disagrees.

In request for production No. 29, Plaintiff seeks records related to complaints of sexual harassment or sexual misconduct, including allegations of viewing pornography, and Plaintiff pleaded in the Complaint that he was terminated for violating Bechtel's Rules of Conduct Policy – Harassment Free Workplace.  See Pl.'s Mem. at 5 (citing Compl. ¶ 35).  The Court concludes that the employee records requested by Plaintiff in request for production No. 29 are relevant to Plaintiff's claims.  In arguing that the records that Plaintiff seeks are irrelevant, Defendants do not cite a case that supports a time requirement for a comparator to be similarly situated, much less that such a time requirement applies for determining relevance for discovery purposes.  See Defs.' Resp. at 6 (citing Earl v. Nielsen Media Rsch., Inc., 658 F.3d 1108, 1115 (9th Cir. 2011) (appeal of summary judgment); Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006) (same); Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1157 (9th Cir. 2010) (same)).

Plaintiff clarified that he seeks relevant records from five years prior to the date of his termination.  Pl.'s Mem. at 3.  Although Defendants assert that five years from the date of the request is a customary time frame for requests for production in the U.S.

**OPINION AND ORDER ON MOTION TO COMPEL – 5**

District Court for the District of Idaho, Defs.' Resp. at 7, Defendants do not explain why production of records from five years prior to Plaintiff's termination would not be discoverable. Because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth," Shoen, 5 F.3d at 1292, Defendants shall serve Plaintiff with employee records responsive to request for production No. 29 dating from September 28, 2013 to September 27, 2018.

As to request for production No. 30, Defendants argue that complying with Plaintiff's request for production No. 30 is unreasonable and overburdensome. Defs.' Resp. at 10–11. Defendants assert that hundreds of their employees take FMLA leave each year and compiling the responsive records based on length of leave and any disciplinary action would take a number of months to complete with tens of thousands of hours of labor at significant expense. Id. at 10.

In request for production No. 30, Plaintiff seeks records related to employees who took FMLA leave, and Plaintiff pleaded in the Complaint that he was terminated in retaliation for taking FMLA leave. See Pl.'s Mem. at 7; Compl. ¶¶ 56–65. The Court concludes that the employee records requested by Plaintiff in request for production No. 30 are relevant to Plaintiff's claims. However, the Court also considers the burden and expense of the proposed discovery. Fed. R. Civ. P. 26(b)(1). According to Defendants' assertion, it seems that Defendants must manually sort through the records for length of FMLA leave and adverse employment action and Plaintiff's agreement to narrow request for production No. 30 to other employees who took FMLA leave for two weeks or more

**OPINION AND ORDER ON MOTION TO COMPEL – 6**

during the past five years that resulted in any adverse employment action, Pl.'s Mem. at 2, 7, has inadvertently increased, rather than decreased, the burden and expense on Defendants. Defendants propose instead production of records of FMLA interference or retaliation complaints in the past five years. Defs.' Resp. at 11. The Court will order production as Defendants propose, in addition to records of FMLA leave, as narrowed by Plaintiff, in 2020 and 2021.

Second, Plaintiff asks the Court to compel production of the personnel files of various named individuals involved in Bechtel's investigation of Plaintiff while he was on medical leave, including the HR manager who initiated the investigation, Plaintiff's managers, and other individuals who allegedly provided information. Pl.'s Mem. at 8–9; see also id. at 2 (citing Ulrich Decl. ¶ 4, Ex. C (RFP Nos. 33–45) & ¶ 5, Ex. E). Plaintiff represents that Defendants have produced one responsive personnel file, that of one of Plaintiff's supervisors. Id. at 3. Defendants assert that Plaintiff requested personnel files for sixteen employees and that Defendants have produced the personnel files for two employees, two of Plaintiff's managers who made the decision to terminate Plaintiff. Defs.' Resp. at 4–5. Plaintiff has narrowed his request to documents in the requested personnel files "pertaining to promotions or demotions, disciplinary proceedings, work performance reviews or evaluations, other complaints made by the employee or about the employee, and any other records in the personnel files which bear on character and/or the credibility of each employee," while recognizing that it may be more efficient for Defendants to produce the entire personnel files. Pl.'s Mem. at 8–9. Defendants argue

**OPINION AND ORDER ON MOTION TO COMPEL – 7**

that the remaining fourteen files are irrelevant and production to Plaintiff of the remaining fourteen files would violate the privacy rights of those fourteen employees in a way that is not proportional to the needs of the case and which burden or expense would outweigh the likely benefit.  Defs.' Resp. at 8–9.

The Court concludes that the remaining fourteen personnel records requested by Plaintiff are relevant to Plaintiff's claims and Defendants' defenses.  "[T]he FMLA requires that an employer reinstate an employee after taking [FMLA] leave, so long as the employee would still be employed in the position had she not taken FMLA leave."  Sanders v. City of Newport, 657 F.3d 772, 780–81 (9th Cir. 2011) (citing 29 U.S.C. § 2614(a)(1)(A), (a)(3)(B)).  "[W]hen an employer seeks to establish that he has a legitimate reason to deny an employee reinstatement, the burden of proof on that issue rests with the employer."  Id. at 780.  According to the Complaint, Defendants terminated Plaintiff for allegedly violating Bechtel's Rules of Conduct Policy – Harassment Free Workplace after conducting an investigation.  See Compl. ¶¶ 31, 35.  The narrowed categories of information sought by Plaintiff in the records of the employees who participated in the investigation of Plaintiff that resulted in his termination are relevant to Plaintiff's claim that Defendants denied Plaintiff reinstatement in violation of the FMLA or Defendants' defense that Defendants had a legitimate reason to terminate Plaintiff.  See Fed. R. Civ. P. 26(b)(1).

The Court considers Defendants' access to the employee records, the importance of the information about the investigation in resolving the issues in this case, and the

**OPINION AND ORDER ON MOTION TO COMPEL – 8**

employees' privacy. See id. Although a protective order is in effect, see Stipulation for Protective Order (Dkt. 21-1); Docket Entry Order (Dkt. 23), Defendants contend that production of employee records is unreasonable due to allegations of Plaintiff's behavior. Defs.' Resp. at 9. Plaintiff is agreeable to production of the responsive files for "Attorneys' Eyes Only," and the Court reminds Plaintiff's counsel to ensure that Plaintiff will not have access to the responsive files. See Mem. Supp. Mot. Compel at 4 (Dkt. 38). This arrangement will serve to address Defendants' concerns while allowing production of discoverable matter. In producing either documents responsive to the narrowed categories of information or the entire personnel files of the remaining fourteen employees, Defendants may mark the files "Attorneys' Eyes Only."

Third, Plaintiff asks the Court to compel production of certain communications and correspondence. Pl.'s Mem. at 9–11. In his first set of discovery requests, Plaintiff requested production of communications and correspondence involving or discussing Plaintiff or involving other conduct of which Plaintiff had been accused. See id. at 2. Plaintiff provided a list of search terms and custodians for Defendants to use when searching for responsive documents. Ulrich Decl. ¶¶ 9–10. Plaintiff acknowledges that Defendants provided verification of conducting the requested searches based on Plaintiff's list of search terms and custodians. Pl.'s Mem. at 10; see also Ulrich Decl. ¶¶ 9–11 (citing Defs.' Suppl. Resps. Pl.'s First Disc. Reqs. Def[s]. ("Defs.' Suppl. Resps.") at 6–7 (Dkt. 30-9). Plaintiff made the following additional requests for production, among others, in his second set of discovery requests, and Defendants

**OPINION AND ORDER ON MOTION TO COMPEL – 9**

responded as follows:

> **REQUEST FOR PRODUCTION NO. 31:** Please produce all notes, correspondence (including emails) or other documentation between HR and any other individual regarding Zack Harris, including but not limited to requests for information and requests for interviews.
>
> RESPONSE: Objection. Vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.
>
> **REQUEST FOR PRODUCTION NO. 32:** Please produce all notes, correspondence (including emails) or other documentation between any employees regarding Zack Harris during the past 5 years.
>
> RESPONSE: Objection. Vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

See Pl.'s Mem. at 9–10.  Plaintiff seeks for Defendants to either provide additional responsive emails, verify that searches were done for the supplemental requests for production, or provide a privilege log indicating the withholding of any responsive documents.  Id. at 11.

Defendants respond that they provided responsive emails to the first set of discovery requests based on the provided search terms and custodians, not on the requests for production, Defs.' Resp. at 11, which is consistent with Defendants' statement to Plaintiff that "[a]fter security review *all* emails that returned in response to the above search terms have been produced," Defs.' Suppl. Resps. at 7 (emphasis added).  Evidently, Plaintiff did not provide a new list of search terms and custodians with his supplemental requests for production because Defendants assert that Plaintiff's supplemental requests for production would not have changed the results of the search

**OPINION AND ORDER ON MOTION TO COMPEL – 10**

terms and the responsive documents would be the same ones that Defendants have already produced. Defs.' Resp. at 11.

The Court will not compel responses to supplemental requests for production No. 31 and No. 32 at this time. Plaintiff may provide a new list of search terms and/or custodians for Defendants related to his second set of requests. In addition, if Defendants withheld information on the grounds that the information is privileged or subject to protection as trial-preparation materials, Defendants should provide a privilege log pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure and as contemplated in the Stipulated Discovery Plan (Dkt. 15).

## CONCLUSION

Upon consideration of the Motion to Compel and all other papers and proceedings in this action, it is hereby

**ORDERED** that the Motion to Compel (Dkt. 30) is granted in part and denied in part; and it is further

**ORDERED** that Defendants shall produce responsive documents to request for production No. 29 dating from September 28, 2013 to September 27, 2018; and it is further

**ORDERED** that Defendants shall produce records of FMLA interference or retaliation complaints in the past five years and records of FMLA leave in 2020 and 2021 of two weeks or more that resulted in an adverse employment action; and it is further

**ORDERED** that Defendants shall produce responsive documents to requests for

**OPINION AND ORDER ON MOTION TO COMPEL – 11**

production Nos. 33–45—which may be narrowed to information "pertaining to promotions or demotions, disciplinary proceedings, work performance reviews or evaluations, other complaints made by the employee or about the employee, and any other records in the personnel files which bear on character and/or the credibility of each employee"—and Plaintiff's counsel shall ensure that Plaintiff does not have access to any responsive documents marked "Attorney's Eyes Only;" and it is further

**ORDERED** that, upon consideration of the Stipulation to Modify Deadlines in Order Granting Stipulation to Modify Deadlines in Scheduling Order (Dkt. 28) (Dkt. 40), the deadlines shall be modified as follows:

| Deadline Type | Current Deadline | New Deadline |
|---|---|---|
| Factual Discovery | August 10, 2022 | December 2, 2022 |
| Dispositive Motions | September 9, 2022 | January 12, 2023 |

DATED: August 30, 2022

 /s/ Jennifer Choe-Groves
Jennifer Choe-Groves
U.S. District Court Judge[*]

---

[*] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER ON MOTION TO COMPEL – 12**