UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

ZACHARY HARRIS,

                  Plaintiff,

v.

BECHTEL MARINE PROPULSION
CORPORATION and FLUOR
MARINE PROPULSION, LLC,

               Defendants.

Case No. 4:20-cv-00360-JCG

**OPINION AND ORDER**

This matter involves discovery disputes in an action brought by Zachary
Harris ("Harris" or "Plaintiff") against Defendants Bechtel Marine Propulsion
Corporation ("Bechtel") and Fluor Marine Propulsion, LLC ("Fluor") (collectively
"Defendants") for disability discrimination or failure to accommodate and
retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et
seq., and the Idaho Human Rights Act, Idaho Code § 67-5901 et seq., and
retaliation and interference under the Family and Medical Leave Act of 1993, 29
U.S.C. § 2601 et seq.  Compl. (Dkt. 1).

Before the Court is Defendants' Motion for Protective Order ("Defendants'
Motion").  Defs.' Mot. Protective Order ("Defs.' Mot.") (Dkt. 97); Def.'s Mem.

Supp. Mot. Protective Order ("Def.'s Mem.") (Dkt. 97-1).  For the reasons that
follow, the Court denies in part and grants in part Defendants' Motion.

## BACKGROUND

Harris filed suit against Bechtel and Fluor on July 21, 2020.  Compl.  Since
its inception, this matter has been plagued by discovery delays and disputes.
(Dkts. 22, 24, 25, 26, 27, 28, 30, 34, 35, 36, 37, 38, 40, 41, 47, 48, 49, 50, 51, 52,
53, 54, 55, 59, 62, 63, 64, 65, 69, 70, 71, 72, 73, 74, 75, 76, 77, 79, 80, 81, 82, 83,
84, 85, 87, 88, 89, 90, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102).  Plaintiff
previously filed a Motion to Extend Discovery Deadline, which this Court granted,
and then vacated upon Defendants' request to file a memorandum in opposition.
Pl.'s Mot. Extend Discovery (Dkt. 90); Order (Dec. 30, 2024) (Dkt. 92); Defs.'
Reply Mem. Opp. Pl.'s Mot. Extend Discovery (Dkt. 93).  Plaintiff filed its Reply
Memorandum in Support of Motion for Extension of Deadline for Plaintiff to
Complete Discovery.  Pl.'s Reply Mem. Supp. Mot. Extension Deadline Pl.
Complete Disc. (Dkt. 94).

After the motion was fully briefed, the Parties filed a Stipulation to Extend
Discovery and Summary Judgment Deadline.  Stip. Extend Disc. & Summ. J.
Deadline (Dkt. 95).  Upon receipt of the Parties' briefing and stipulation, this Court
directed the Defendants to file a Motion for Protective Order regarding Federal
Rule of Civil Procedure 30(b)(6) Deposition(s) and ordered that Plaintiff's Motion

to Extend Discovery Deadline was denied as moot.  Order (Jan. 15, 2025) (Dkt. 96).

Defendants timely filed a Motion for Protective Order, which requests that this Court enjoin Plaintiff from deposing one or more corporate designees under Rule 30(b)(6), as well as four other individual witnesses.  Defs.' Mot. at 1. Plaintiff responded in opposition, and Defendants submitted a reply in further support of their motion.  Pl.'s Mem. Opp'n. Mot. Protective Order ("Pl.'s Resp.") (Dkt. 101); Defs.' Reply Mem. Support Defs.' Mot. Protective Order ("Defs.' Reply") (Dkt. 102).

## JURISDICTION

The Court has jurisdiction over the underlying action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## DISCUSSION

"[P]retrial discovery is normally to be accorded a broad and liberal treatment," Herbert v. Lando, 441 U.S. 153, 183 (1979) (Brennan, J., dissenting in part) (citation and internal quotation marks omitted), because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth," Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993).  Rule 26 of the Federal Rules of Civil Procedure permits discovery:

regarding any nonprivileged matter that is relevant to any party's claim

> or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). In their motion, Defendants request that Plaintiff be prohibited from deposing four fact witnesses and one Rule 30(b)(6) witness. Defs.' Mot. at 1.

## I.    Depositions of Four Fact Witnesses

Defendants argue that Plaintiff should be prohibited from reopening fact discovery to depose four witnesses. Defs.' Mem. at 6. Defendants aver that Plaintiff must establish that he "failed to act because of excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B). Id. Federal Rule of Civil Procedure 6(b)(1) states that "the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

Because Plaintiff requested an extension after the discovery deadline lapsed, both good cause and excusable neglect must exist. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 (1990) (holding that under Rule 6(b)(1), a "post-deadline extension . . . is permissible only where the failure to meet the deadline was the result of excusable neglect") (internal quotation marks omitted); 4B

Wright & Miller's Federal Practice & Procedure § 1165 (4th ed. 2015) ("[T]he district court may order an extension even after the expiration of a specified time period, but only for 'good cause' and where the party's failure to act in a timely fashion was the result of 'excusable neglect.'").  Even so, "[t]his rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"  Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983)).

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts."  Id. at 1259.  The procedural circumstances of Plaintiff's request to extend constitute good cause.  Plaintiff filed his motion to compel before the close of discovery, but the motion was not resolved until shortly after the discovery deadline.  Mot. Compel (Dkt. 84); Op. & Order (Dec. 17, 2024) (Dkt. 89).  Part of the delay in resolving the discovery dispute arose from Defendants' objections to submitting certain documents to this Court for in camera review.  See Order (Nov. 25, 2024) (Dkt. 87); Letter (Nov. 25, 2024) (Dkt. 88).  Less than ten days after the Court entered its opinion on Plaintiff's motion to compel, which instructed Defendants to produce certain privilege logs to Plaintiff, Plaintiff filed his motion for an extension to complete discovery.  Pl.'s Mot. Extend Discovery.  Due to the unique procedural posture,

good cause exists to extend the time for Plaintiff to take four fact witness

depositions.

To determine whether a party's failure to meet a deadline constitutes

"excusable neglect," courts apply a four-factor equitable test, examining: "(1) the

danger of prejudice to the opposing party; (2) the length of the delay and its

potential impact on the proceedings; (3) the reason for the delay; and (4) whether

the movant acted in good faith." Ahanchian, 624 F.3d at 1261 (citing Pioneer Inv.

Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

First, Defendants will not be unduly prejudiced by this extension. As

prejudice, Defendants point to the fact that two witnesses retired during the

pendency of this case: "Mr. Erickson resigned from employment with Defendants

over five years ago, and Mr. Neville retired nearly two years ago." Defs.' Mem. at

8. Defendants aver that they would be prejudiced in producing these witnesses

because "Defendants would need to refresh their recollection" and cite case law

describing prejudice resulting when witnesses relocate and memories fade. Id.

Those concerns are not properly considered here; the case cited by

Defendants in support of their argument explains that witness recollection is a

factor to consider when determining whether to grant a stay and further delay

proceedings. A.H. v. Cnty. of San Bernardino, 2023 WL 9646224, at *2–*5 (C.D.

Cal. Dec. 28, 2023) (adjudicating a motion to stay discovery in a civil proceeding

due to the pendency of criminal investigation into the same matter and considering

that "witnesses may relocate and memories may fade" as part of its analysis of the

second <u>Keating</u> factor, which examines the "plaintiff's interest in proceeding

expeditiously and the potential prejudice to a plaintiff if a stay is issued"); <u>see</u>

Defs.' Mot. at 8 (citing <u>A.H.</u>, 2023 WL 9646224, at *4).  Here, Plaintiff asked for

one month to take additional depositions.  Pl.'s Mot. Extend Discovery at 1.  While

this case has not proceeded expeditiously, the employment status of the witnesses

identified by Defendants did not change during the pendency of Plaintiff's motion.

The Court finds that Plaintiff's request does not put the Defendants in any danger

of prejudice.

Second, the length of delay here is minimal.  Plaintiff requested a one-month

extension.  <u>Id.</u>  Throughout the pendency of this case, Defendants were afforded

ten discovery extensions, ranging from three to five months each.  (Dkts. 22, 25,

27, 40, 47, 49, 51, 70, 72, 75).  This case has been pending for nearly five years;

plaintiff's request for one month to finish discovery will not have a significant

impact.

Third, Plaintiff explained that he needed all documents produced and for the

discovery disputes to be resolved before taking the identified depositions.

Plaintiff's motion to compel was resolved just after discovery closed, and Plaintiff

filed his motion for an extension to complete discovery less than ten days after the

order was entered.  The delay was not inexcusable.  Lastly, no evidence exists that Plaintiff acted in bad faith.

Because both good cause and excusable neglect exist, Plaintiff's deadline to depose the four identified fact witnesses will be extended by sixty days from the date of this Order.

## II.    Deposition of Rule 30(b)(6) Witness

Upon a showing of good cause, a district court "may issue any protective order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including any order prohibiting the requested discovery altogether, limiting the scope of discovery, or fixing the terms of disclosure."  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (citing Fed. R. Civ. P. 26(c)).  "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery."  Id. (citing Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

Defendants aver that Plaintiff's requested Rule 30(b)(6) deposition violates Rule 26(b)(2)(C)(i) by requiring cumulative evidence and Rule 26(b)(2)(C)(iii) by "requiring Defendants to spend many hours searching for additional documents on a wide range of topics not within the purview or knowledge of any one person or

even a few persons, followed by many hours for multiple witnesses to read and learn what is in the documents." Defs.' Mot. at 11−12.

Rule 30(b)(6) requires the party requesting discovery to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Plaintiff's requested Rule 30(b)(6) deposition identifies eight topics of inquiry. Decl. Craig M. Brooks Supp. Defs.' Mot. Protective Order ("Brooks Decl.") at Ex. A (Dkt. 98). Generally, Defendants maintain that they already produced documentation on these topics and that a Rule 30(b)(6) deposition would be duplicative and cumulative. Defs.' Mem. at 11−12, 13−16.

Documents and depositions are not equivalent or interchangeable. See, e.g., Great Am. Ins. Co. of New York v. Vegas Constr. Co., 251 F.R.D. 534, 539 (D. Nev. 2008) (holding that "in responding to a Rule 30(b)(6) notice or subpoena, a corporation may not take the position that its documents state the company's position"); In re Vitamins Antitrust Litig., 216 F.R.D. 168, 174 (D.D.C. 2003) (holding that documents and Rule 30(b)(6) depositions were "not equivalent" and explaining that a "Rule 30(b)(6) deposition is a sworn corporate admission that is binding on the corporation"). Courts have also "recognized that preparing a Rule 30(b)(6) designee may be an onerous task" and that corporations often claim "that it no longer employs individuals who have memory of a distant event or that such individuals are deceased." See e.g., Great Am. Ins. Co. of New York, 251 F.R.D.

Case No. 4:20-cv-00360-JCG                                              Page 10

at 540.  Neither reason is an excuse to free a party of its obligation to produce a

Rule 30(b)(6) witness.  E.g., id.; Ellis v. Corizon, Inc., No. 1:15-CV-00304-BLW,

2018 WL 1865158, at *2 (D. Idaho Apr. 18, 2018).  Instead, "a corporation has a

duty to make a conscientious, good-faith effort to designate knowledgeable persons

for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer

questions about the designated subject matter."  Ellis, 2018 WL 1865158, at *2

(internal quotation omitted).

  First, Plaintiff requests testimony on "[a]ll knowledge and information about

company policies, procedures, and practices, whether written or applied in

practice, regarding conducting investigations of employees and/or employee

complaints, from 2016 to present."  Brooks Decl. Ex. A.  Defendants argue that

Plaintiff's timeframe is "overly[-]broad" but concede that the information "is of

some arguable relevance."  Defs.' Mem. at 13.  Defendants propose producing the

investigation policy that was in effect during Plaintiff's employment and remained

in effect until 2024.  Id.  Plaintiff agreed to limit its timeframe to 2016 through

2024.  Pl.'s Resp. at 10.  The Court finds that Defendants have not shown with

good cause that harm or prejudice will result from discovery on Plaintiff's first

proposed topic.  Therefore, the Court holds that Plaintiff may take Rule 30(b)(6)

testimony on this topic as it relates to policies, procedures, and practices in place

from 2016 to 2024.

Plaintiff's third proposed topic is a similar request and asks for "[a]ll knowledge and information regarding any investigations for violations of company policy, the outcomes of the investigations, and any disciplinary action resulting from such investigations, from 2016 to present." Brooks Decl. Ex. A. Defendant explains that it has about 170 policies and Plaintiff's request covers all of them, including instances when an employee was late to work or failed to follow security protocols. Defs.' Mem. at 15. Defendant avers that Plaintiff's request is overly-broad and would produce information that is not relevant. Id.

Plaintiff's third proposed topic is too broad, and it would introduce incomparable employees. Under the U.S. Court of Appeals for the Ninth Circuit's precedent, "[i]t is not enough for employees to be in similar employment positions; rather, the plaintiff and the comparator employee must be 'similarly[-]situated . . . in all material respects.'" Weil v. Citizens Tel. Servs. Co., 922 F.3d 993, 1004 (9th Cir. 2019) (quoting Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006)). Whether a fact or circumstance is material "depends on the context and is a question of fact that 'cannot be mechanically resolved.'" Earl v. Nielsen Media Rsch., Inc., 658 F.3d 1108, 1114 (9th Cir. 2011) (quoting Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1157–58 (9th Cir. 2010)). Comparable "[e]mployees are similarly[-]situated if they have 'similar jobs and display similar conduct.'" Weil, 922 F.3d at 1004 (quoting Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003)).

Plaintiff's request covers a potential plethora of incomparable employees, such as employees who have violated security policies or procedures. Given the degree to which security concerns have beleaguered discovery in this case for years, allowing a broad request of this nature may result in more years of delay. Plaintiff's third proposed topic is unduly broad and unworkable. Defendants' motion for a protective order over Plaintiff's proposed topic three is granted.

Plaintiff's second proposed topic requests testimony on "[a]ll knowledge and information regarding any complaints, whether formal or informal, for alleged violation of Defendants' sexual harassment policies, or conduct alleged or considered to be a violation of Defendants' sexual harassment policies, from 2016 to present." Brooks Decl. Ex. A. Plaintiff identifies three specific incidents about which he requests knowledge and information, as well as incidents involving "[a]ny employees depicting, watching, viewing, or displaying naked men or women, genitals, or women's breasts either at the worksite or away from the worksite." Id. Similarly, Plaintiff's fourth proposed topic requests "[a]ll knowledge and information regarding any investigations conducted of complaints, whether formal or informal, concerning alleged violation(s) of Defendants' sexual harassment policies or conduct alleged or considered to be a violation of the sexual harassment policies, from 2016 to present." Id.

Unlike Plaintiff's third proposed topic, these topics are properly tailored to produce information regarding similarly-situated comparable employees. Defendants explain that they previously produced documents related to two of the three identified incidents and do not have knowledge of the third identified incident.  Defs.' Mem. at 13.  Defendants also stress that the time period is too broad and nearly doubles what the Parties previously agreed to and what this Court previously ordered.  Id. at 14.

This Court previously ordered Defendants to produce all documents and information related to any other complaints of sexual harassment or sexual misconduct of any other employees, including any allegations that any employee other than Plaintiff viewed pornography, whether at work or off site, dating from September 28, 2013, to September 27, 2018.  Op. & Order Mot. Compel (Aug. 30, 2022) at 11 (Dkt. 41).  While "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth," Shoen, 5 F.3d at 1292, limiting discovery is also within the trial court's discretion.  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.").

Under the Federal Rules of Civil Procedure, a court may limit discovery if: (1) "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or

less expensive;" (2) the party seeking the information has had ample opportunity to

obtain the information sought; or (3) "the proposed discovery is outside the scope

permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Taking into account the

needs of the case and the proposed discovery, the Court holds that the time period

is overly-broad. Similar to its prior Opinion and Order of August 30, 2022, the

Court will allow Plaintiff to request testimony on proposed topics two and four,

dating from September 28, 2013, to September 27, 2018. See Op. & Order Mot.

Compel (Aug. 30, 2022) at 6.

Plaintiff's fifth proposed topic requests testimony on "[a]ll knowledge and

information regarding any employee who was on FMLA leave or medical leave for

three months or more due to a work injury due to the employee's position,

disciplinary record," as well as "any accommodations made for such employee

either while the employee was on FMLA or medical leave or upon the employees

return to work, from 2016 to present." Brooks Decl. Ex. A. Again, the Court

previously ruled on a similar discovery issue. Op. & Order Mot. Compel (Aug. 30,

2022) at 6–7. Plaintiff previously requested all documents and information related

to any other employee who took FMLA leave during a five-year period,

approximately September 28, 2013, to September 27, 2018. Id. at 4. The Court

concluded that the discovery was relevant, but upon considering the burden and

expense of the proposed discovery, the Court directed Defendants to produce

records of FMLA interference or retaliation complaints dating from September 28,

2013, to September 27, 2018, as well as records of FMLA leave in 2020 and 2021.

Id. at 6–7.

In response to Plaintiff's request, Defendants argue that this is both a settled

topic based on its earlier produced documents and that the deposition far exceeds

what the Court ordered be disclosed.  Defs.' Mem. at 15–16.  As explained above,

documents and depositions are not equivalent or interchangeable.  However,

Plaintiff's current request does expand the time frame that this Court previously

approved for discovery on this topic.  The Court will allow Plaintiff to request

testimony on proposed topic five dating from 2016, as requested by the Plaintiff, to

2021, as previously ordered by the Court.

Plaintiff's sixth proposed topic requests testimony on "[a]ll knowledge and

information regarding any complaints, whether formal or informal, concerning

alleged behavior on the bus, either to or from the worksite."  Brooks Decl. Ex. A.

In particular, Plaintiff requests testimony on the policies and practices for riding

the bus, including the entity that enacted the policy and the facts, conclusions, and

outcomes of any investigations into complaints about behavior on the bus, from

2016 to present.  Id.

In response to Plaintiff's request, Defendants aver that they already provided

information about a complaint involving the bus and that it would be too arduous

to search further "because Defendants do not store disciplinary documents based on whether an incident occurred on or off a bus," and that executing a search "would be a substantial undertaking for a useless needle in a haystack." Defs.' Mem. at 16–17. As noted above, this reason does not relieve a corporation of its burden to produce a Rule 30(b)(6) witness. Ellis, 2018 WL 1865158, at *2–*3 (acknowledging the burden in preparing for a Rule 30(b)(6) deposition but holding that "[t]he mere fact that such preparation creates a burden on the responding entity does not render the request for a 30(b)(6) deposition disproportionate to the needs of the case"); see e.g., Great Am. Ins. Co. of New York, 251 F.R.D. at 540. Instead, "a corporation has a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." Ellis, 2018 WL 1865158, at *2 (internal quotation omitted). The Court will allow Plaintiff to request testimony on proposed topic six from 2016 to 2021.

Plaintiff's seventh proposed topic requests testimony on "[a]ll knowledge and information regarding Defendants' policy or practice requiring an employee to be 100% released from any medical restrictions to return to work for any reason, from 2016 to present. This includes identifying any employees subjected to this policy from 2016 to present." Brooks Decl. Ex. A. Defendants explain that they did not have this policy during Plaintiff's employment and have never had a policy

or practice of this kind.  Defs.' Mem. at 17.  Defendants argue that Plaintiff should

not be able to request testimony on this topic because the policy does not exist and

Plaintiff had ample opportunity to inquire into this topic earlier in the proceedings.

Id.  Plaintiff responded that Defendants' agents and documents show that such

policy or practice did exist.  Pl.'s Resp. at 13.  Plaintiff provided an excerpt from

Defendants' response to the Idaho Human Rights Commission's Charge of

Discrimination, which stated that Defendants "could not accommodate him" and

that Plaintiff was "to return to work when he was fully recovered."  Id. at Ex. E at

3 (Dkt. 101-6).

       Whether or not this represents a policy or practice is not for the Court to

decide at this point.  Whether or not such policy or practice existed is relevant in

terms of discovery to the issues of this case, and it is a topic that the Plaintiff may

request testimony on, even if that testimony is short and simple.  As explained

above, documents and depositions are not equivalent or interchangeable.  A

deposition "provides a means to obtain more complete information and is,

therefore, favored."  Marker v. Union Fidelity Life Ins., 125 F.R.D. 121, 126

(M.D.N.C. 1989).  A corporation has a duty to designate knowledgeable witnesses

for Rule 30(b)(6) depositions, whose responses will become binding answers on

behalf of the corporation.  Great Am. Ins. Co. of New York, 251 F.R.D. at 538–39.

The Court will allow Plaintiff to request testimony on its seventh proposed topic as it relates to policies or practices in place from 2016 to 2021.

Plaintiff's eighth and final proposed topic requests testimony on "[a]ll knowledge and information regarding Defendants' actions taken to locate, identify, and obtain information or documents responsive to discovery requests, including but not limited to text messages and emails."  Brooks Decl. Ex. A.  Defendants oppose this request because it would impose an undue burden and because Plaintiff should have seized an earlier opportunity to ask questions or depose employees on this topic.

As noted earlier, the reality that preparation for a 30(b)(6) deposition "may be burdensome . . . is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business."  Ellis, 2018 WL 1865158, at *3 (internal quotation omitted).  While Defendants' complaint of an onerous burden is not persuasive, because this topic is a request for "discovery on discovery," Plaintiff "bears the burden of producing specific and tangible evidence of a material failure of an opponent's obligation[s]."  Zunum Aero., Inc. v. Boeing Co., C21-0896JLR, 2023 WL 11835334, at *3 (W.D. Wash. Nov. 13, 2023) (citing LKQ Corp. v. Kia Motors Am., Inc., 345 F.R.D. 152, 163 (N.D. Ill. July 6, 2023) and Jensen v. BMW of N. Am., LLC, 328 F.R.D. 557, 566

(S.D. Cal. 2019) (requiring "particularized reason[s]" for why discovery on

discovery should be ordered)).

     Plaintiff explains that the Parties agreed earlier to share their search

methodology for responding to requests for production of ESI to the following

extent: "Parties will identify the search terms, the search locations, and the

custodian searched.  The Parties agree to be transparent regarding likely custodians

and search terms and procedures."  Pl.'s Resp. at 14–15; Stipulated Disc. Plan at 7

(Dkt. 15).  The Parties agreed to "identify a Liaison who is responsible for, and

knowledgeable about (or has access to a person knowledgeable about), that party's

ESI."  Stipulated Disc. Plan at 7.  Plaintiff explains that he asked to speak with

Defendants' liaison, "but Defendants refused to make that person available and

instead continued to only provide declarations from that individual, insist that

Plaintiff can only communicate through Defendants' counsel about those issues,

and not directly answer Plaintiff's questions about the ESI searches."  Pl.'s Resp.

at 15.  Defendants argue that Plaintiff should not be allowed to request testimony

on this topic now because he had earlier opportunities to do so and because

Defendants already disclosed this information using a declaration from an IT

person.  Defs.' Reply at 10.

     Based on the Parties' filings, it appears that Plaintiff has not yet had an

opportunity to inquire into this topic in a deposition.  As discussed earlier,

documents and depositions are not equivalent or interchangeable.  See, e.g., Great

Am. Ins. Co. of New York, 251 F.R.D. at 539.  The Court will allow Plaintiff to

request testimony on its eighth proposed topic, subject to the limitations that the

Parties agreed to in their discovery plan.

## CONCLUSION

Upon consideration of Defendants' Motion for Protective Order, and all

other papers and proceedings in this action, it is hereby

ORDERED that Defendants' Motion for Protective Order (Dkt. 97) is

granted in part and denied in part.  The Court grants Defendants' Motion as it

applies to Plaintiff's third proposed topic and denies Defendants' Motion as it

applies to Plaintiff's first, second, fourth, fifth, sixth, seventh, and eighth proposed

topics, subject to the limitations described above. It is further

ORDERED that Plaintiff's deadline to take depositions shall be August 5,

2025; and it is further

ORDERED that the deadline for dispositive motions shall be September 4,

2025.  Responses to such motions shall be due within twenty-one days.  Replies, if

any, shall be due within fourteen days of the filing of the Response.  If no

dispositive motions are filed, the Parties shall submit to the Court a joint proposed

pretrial schedule, or letters to the Court explaining why the Parties cannot jointly

Case No. 4:20-cv-00360-JCG                                              Page 21

propose a schedule with each Parties proposed scheduling order attached by

September 18, 2025.

      DATED:  June 6, 2025

                                    /s/ Jennifer Choe-Groves
                                      Jennifer Choe-Groves
                                      U.S. District Court Judge[*]

---

[*] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.