UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>BECHTEL MARINE PROPULSION CORPORATION and FLUOR MARINE PROPULSION, LLC,<br><br>    Defendants. | Case No. 4:20-cv-00360-JCG<br><br>**OPINION AND ORDER** |

   This matter arises from discovery disputes in an action brought by Zachary Harris ("Harris" or "Plaintiff") against Defendants Bechtel Marine Propulsion Corporation ("Bechtel") and Fluor Marine Propulsion, LLC ("Fluor") (collectively "Defendants") for disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, and the Idaho Human Rights Act, Idaho Code § 67-5901, and retaliation and interference under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601.  Compl. (Dkt. 1).

   Before the Court is Plaintiff's Motion for Terminating Sanctions ("Plaintiff's Motion") (Dkts. 108, 109).  See also Mem. Supp. Mot. Terminating Sanctions ("Pl.'s Mem.") (Dkt. 108-1).  Defendants filed Defendants' Memorandum of Law in Opposition to Plaintiff's Terminating Sanctions Motion ("Defendants'

Response") (Dkts. 122, 123).  Plaintiff filed a Reply Memorandum in Support of Motion for Terminating Sanctions (Dkt. 108) ("Plaintiff's Reply") (Dkt. 127).  On November 14, 2025, Defendants also filed a Motion for Leave to File Reply to Plaintiff's November 5, 2025 Filing (Dkt. 127) Re Plaintiff's Motion for Terminating Sanctions (Dkt. 108) (Dkt. 129).  Plaintiff filed an opposition to Defendants' motion for a sur-reply and Defendants responded.  Mem. Opp'n Defs.' Mot. Leave File Sur-Reply Pl.s' Nov. 5, 2025 Filing (Dkt. 127) Re Pl.'s Mot. Terminating Sanctions (Dkt. 108) (Dkt. 135); Defs.' Reply Pl.'s Dec. 5, 2025 Resp. (Dkt. 135) Opp. Defs.' Mot. Leave (Dkt. 129) Re Pl.'s Terminating Sanctions Mot. (Dkt. 108) (Dkt. 136).

The Court held a hearing via videoconference with the Parties on November 17, 2025.  See Order (Oct. 10, 2025) (Dkt. 119).

**I.   Legal Framework**

Federal Rule of Civil Procedure 37 provides that a court may enter sanctions against a party for non-compliance with a discovery order, including a terminating sanction such as dismissal of the action in whole or in part, or rendering a default judgment against the disobedient party.  Fed. R. Civ. P. 37(b)(2).

Due to the extreme nature of a terminating sanction, courts consider five factors to determine whether a case-dispositive sanction is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

OPINION AND ORDER – 2

manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). The key Malone factors are prejudice and the availability of lesser sanctions because the factors of public interest and the court's docket management favor the imposition of sanctions in most cases, while the public policy factor weighs against a dismissal sanction. Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). In considering whether the party seeking sanctions suffered prejudice, the court considers whether the non-compliant party's actions impair the suffering party's "ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). With respect to the fifth factor regarding the availability of less drastic sanctions, the court considers whether there is a previous implementation of less drastic sanctions and the previous issuance of a warning of the possibility of dismissal to the violating party. Id. at 1412–13.

Under Rule 37, less drastic sanctions may include directing that certain facts be taken as established in favor of the cooperating party, prohibiting the disobedient party from introducing certain evidence, or striking pleadings in whole or in part. Fed. R. Civ. P. 37(b)(2). The Court may also order the disobedient

OPINION AND ORDER – 3

party to pay the reasonable expenses, including attorneys' fees, caused by the failure to obey.  Id. at 37(b)(2)(C).

## II. Discussion

Plaintiff requests dismissal of this action on the grounds that Defendants engaged in "discovery abuses related to the failure to disclose a key witness, produce documents, provide responsive information in response to discovery, and for deceptive representations made throughout the case."  Pl.'s Mot. at 1.  Plaintiff states that during the deposition of Jacob Erikson, Plaintiff learned of the identity of Susan Rankin, who was involved in overseeing the investigation of Plaintiff.  Pl.'s Mem. at 3.  Plaintiff avers that although the stipulated discovery plan required Defendants to preserve and gather information related to persons that participated in or provided input regarding the decision to terminate Plaintiff's employment, Defendants did not identify Ms. Rankin in the discovery plan, their initial disclosures, or in response to any further discovery requests for information related to persons involved in Plaintiff's termination.  Id. at 3–4.  Plaintiff also argues that Defendants failed to produce relevant documents.  Id. at 5.  During Mr. Erickson's deposition, Plaintiff discovered that at least four emails and documents existed with terms and key words that were relevant to Plaintiff's document requests, but were never produced by Defendants: (1) an email between Mr. Erickson and Ms. Rankin with the subject line "Does Zack Harris have any workers comp

OPINION AND ORDER – 4

claims?"; (2) an email between Mr. Erickson and Mr. Lewis with the subject line "Notes from SAR Meeting Zack Harris.docx," which was produced without the underlying attachment and without any reply email from Mr. Lewis; (3) an email between Mr. Miller and Mr. Erickson with a bus etiquette guide document attached, which was produced without the attachment in its native Word format; and (4) interview outlines prepared by Mr. Erickson for each witness he interviewed during Plaintiff's investigation. Id. at 5–7. Plaintiff contends that Defendants' discovery conduct has undermined the integrity of the proceedings, and requests that the Court enter a default judgment as a sanction against Defendants, pursuant to Federal Rule of Civil Procedure 37(b), (c). Pl.'s Mem. at 10–20.

Defendants counter that they did not hide the documents or intend to cause delay, arguing that the requested documents are peripheral to the issues of the case. Defs.' Resp. at 1, 4. Regarding the missing bus etiquette attachment, Defendants aver that the only version of the document in Defendants' possession is the current Word version that was overwritten with minor edits over the past eight years and photocopied for production during discovery. Id. at 4–5. Defendants produced the current document version to Plaintiff on October 20, 2025; however, Plaintiff counters that Defendants failed to preserve any version of this document from the relevant 2018 timeframe. Id. at 5 (citing Ex. 2 ¶ 5 (Dkt. 122-3)); Pl.'s Reply at 3–

OPINION AND ORDER – 5

4. Defendants assert that the email with the meeting notes concerning Plaintiff's investigation was cleared for release with the attachment in its native format and provided to Plaintiff's Counsel on or about October 20, 2025, but that repeated searches of Defendants' records indicate that there was no response from Mr. Lewis. Defs.' Resp. at 8; Ex. 2 ¶ 5 (Dkt. 122-3); Ex. 3 ¶¶ 4–6 (Dkt. 122-12); Ex. 4 ¶ 2 (Dkt. 122-13). Defendants state that one interview outline prepared by Mr. Erickson was discovered in Defendants' records, but that Mr. Erickson corrected his prior testimony to state that further interview outlines may not exist because the outlines were often written over in the same document rather than created for each interview and there was no company policy requiring the preparatory items in an investigation to be saved. Id. at 8–10. Regarding the email between Mr. Erickson and Ms. Rankin, Defendants aver that the email was excluded due to attorney-client privilege and included on the privilege log as item 76. Id. at 10–11. Defendants argue that Ms. Rankin's involvement in the investigation was limited to providing information on comparator employees for the use of legal counsel in obtaining legal advice, and these discussions with legal counsel are privileged. Id. at 13–15. Defendants state that they had no obligation to disclose Ms. Rankin's existence because: (1) she works in New York and the comparator search was limited to Plaintiff's worksite in Idaho; (2) her limited involvement does not warrant her identification as a knowledgeable person; and (3) the nature of her role

means that her communications would be covered by the attorney-client privilege and only require mention on Defendants' privilege log as done previously. Id. at 12–16 (citing Opinion and Order, Dec. 17, 2024 (Dkt. 89) (conducting an in camera review of items on Defendants' privilege logs)). Defendants aver that terminating sanctions are not warranted because there is insufficient evidence of bad faith or prejudice to Plaintiff. Id. at 16–20.

The Court begins by examining the key Malone factors of prejudice to the party seeking sanctions and the availability of less drastic sanctions. See Malone, 833 F.2d at 130. This case has involved significant delay over several years in Defendants' production of requested documents and emails, which has resulted in several discovery disputes requiring involvement of the Court. See Pl.'s Mot., Ex. A (Dkt. 108-2) (outlining the history of disputes in this action). Whether Mr. Lewis responded to the August 2018 email with the subject "Notes from SAR Meeting Zack Harris.docx," and whether Mr. Erickson made or retained separate outlines for each witness interview is inconclusive, and Defendants' argument is plausible that Mr. Lewis never sent a response or that Mr. Erickson did not keep records of each interview outline absent a company policy requiring that. These exclusions alone do not evidence prejudice to Plaintiff or indicate that Defendants hid or destroyed evidence such that terminating sanctions are warranted. However, the missing bus etiquette document attachment and Defendants' delay in providing

OPINION AND ORDER – 7

the meeting notes email attachment in native format are discrepancies without adequate explanations and both documents appear relevant to the matters in controversy.  For example, Plaintiff contends that whether the version of the bus etiquette guide that existed at the time of Plaintiff's termination resembled a recommendation or an official company policy is relevant to determining whether Plaintiff's conduct on the bus was an appropriate factor in his termination.  Conf. Trans. at 45:50–48:17.

The non-disclosure of Ms. Rankin is also troubling to the Court.  In the early stages of the case, the Parties prepared a stipulated discovery plan and gathered information to identify custodians with evidence that would require preservation.  Pl.'s Mem. at 3.  Ms. Rankin was not identified at this stage, despite Plaintiff's request for "[a]ny person who participated in or provided input regarding the decision to terminate Plaintiff's employment."  Id.  During discovery, Plaintiff issued requests to Defendants to "identify each and every person known to you who has any knowledge or who purports to have any knowledge of the facts of this case," and to "identify all persons who participated in or provided information related to the decision to terminate Plaintiff and what role each person played."  Id.  Defendants aver that they were not obligated to identify Ms. Rankin because the Parties agreed at the start of the case to limit the comparator search to the location of Plaintiff's worksite in Idaho and Ms. Rankin works in New York.  Defs.' Resp

OPINION AND ORDER – 8

at 15–16; Conf. Trans. at 24:14–26:32, 44:05–44:54.  Plaintiff represents that Ms. Rankin's identity was unknown at the time of that agreement, and if Plaintiff had been aware that Defendants had a single person overseeing the consistency of investigations and terminations across the company, Plaintiff would have never agreed to limit the geographic scope.  Conf. Trans. at 48:46–49:37.  During the videoconference with the Court, Plaintiff requested the Court to order Defendants to identify documents that were not preserved due to Ms. Rankin's exclusion from the litigation hold, however, Defendants noted that their company preservation policy only covers a few months and this type of identification would not be feasible.  Id. at 75:04–76:16.

    The Court is persuaded that discovery was narrowed improperly and Plaintiff was deprived of the opportunity to investigate Ms. Rankin's role and involvement in Plaintiff's termination and Defendants' past treatment of terminated employees, despite Plaintiff's diligence and thoroughness in issuing discovery requests.  Although Defendants may be correct that the nature of Ms. Rankin's role was likely to result in the majority of her communications being privileged, the Court disagrees that her entire role was covered by attorney-client privilege such that the non-disclosure of her identity is excused, because Ms. Rankin is not an attorney and it is reasonable to conclude that some of her documents and testimony would not be covered by attorney-client privilege.  See

OPINION AND ORDER – 9

Defs.' Resp. at 12–15; Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (noting the protections afforded by the attorney-client privilege to confidential communications between attorneys and clients); United States v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009) ("The attorney-client privilege protects *confidential disclosures* made by a client to an attorney in order to obtain legal advice . . . as well as an *attorney's advice in response* to such disclosures.") (citing United States v. Bauer, 132 F.3d 504, 507 (9th Cir. 1997) (emphasis added).

Taken together, the missing email attachment, the non-disclosure of a relevant non-attorney fact witness, lack of preservation of related evidence, and the repeated failure of Defendants to comply with court-ordered deadlines and document production have interfered with the ability of this case to proceed to trial. Therefore, prejudice has been established. Adriana Int'l Corp., 913 F.2d at 1412.

The fifth factor of the Malone test requires the Court to examine the availability and adequacy of less drastic sanctions. In a prior Order involving extensions for document production, this Court warned Defendants that the imposition of sanctions would be considered if further delay occurred. See Order, Jan. 12, 2024, (Dkt. 69) ("the Court will consider the imposition of sanctions if Defendants fail to meet the [discovery deadline]."). No sanctions have been

OPINION AND ORDER – 10

implemented in this case to date, which is a factor that weighs against an order of dismissal in the first instance.

During the videoconference on November 17, 2025, the Parties focused their arguments on the availability of lesser sanctions.  See generally Conf. Trans.  Plaintiff represented that re-opening discovery for a deposition of Ms. Rankin and further document production would not guarantee a remedy to the discovery issues before the Court because it would further delay the proceedings and, as Plaintiff's termination occurred in 2018, Ms. Rankin's recollection might not offer information that could cure the discovery deficiencies at issue.  Id. at 8:35–9:45; 10:30–12:50.  Plaintiff stated that the opportunity to depose Ms. Rankin and conduct further, limited discovery may be warranted if the Court is inclined to grant summary judgment in Defendants' favor, as the information sought could impact that analysis.  Id. at 16:32–17:30.  However, if the Court denies summary judgment and the case proceeds to trial, Plaintiff conceded that an adverse jury instruction creating a presumption in favor of Plaintiff that the missing documents were unfavorable to Defendants is an appropriate, less drastic sanction.  Id. at 2:38–2:52; 7:05–7:33; 18:01–18:33.  Plaintiff also requested attorneys' fees for bringing this motion, noting the prior motions it has had to bring before the Court due to Defendants' withholding of discovery materials.  Id. at 17:30–18:00.

OPINION AND ORDER – 11

The Court concludes that attorneys' fees and costs for this sanctions-related discovery dispute and adverse inference jury instructions regarding the missing bus etiquette email attachment and the non-disclosure of Ms. Rankin are appropriate lesser sanctions in light of the significant discovery delays and obstructive actions by Defendants.  See Fed. R. Civ. P. 37(b)(2)(A).  Because the Court has determined that less drastic sanctions are appropriate, it need not address the remaining Malone factors.

Plaintiff also requested that the Court conduct an in camera review of emails from Ms. Rankin that are related to Plaintiff's employment investigation.  Conf. Trans. at 72:14–73:32.  The Court agreed to Plaintiff's request and instructed the Parties to confer and identify documents on the privilege logs that Plaintiff would like the Court to review.  Id. at 72:35–75:57.  On December 17, 2025, the Court issued a Letter Order, instructing the Parties to identify documents for an in camera review or otherwise update the Court on their identification efforts by December 22, 2025.  Letter (Dec. 17, 2025), Dkt. 137.  The Parties did not provide the Court with any documents or notification that identification was ongoing.  Therefore, the Court denies Plaintiff's request for in camera review as moot.

Upon consideration of the Parties' representations during the November 17, 2025, videoconference, Plaintiff's Motion for Terminating Sanctions (Dkt. 108), and all other papers and proceedings in this action, it is hereby

OPINION AND ORDER – 12

**ORDERED** that Plaintiff's Motion for Terminating Sanctions (Dkt. 108), is granted in part and denied in part; and it is further

**ORDERED** that Defendants' Motion for Leave to File Reply to Plaintiff's November 5, 2025 Filing (Dkt. 127) Re Plaintiff's Motion for Terminating Sanctions (Dkt. 108) (Dkt. 129), is granted and deemed filed; and it is further

**ORDERED** that Defendants shall bear all attorneys' fees and costs incurred in bringing Plaintiff's Motion before the Court; and it is further

**ORDERED** that if this matter proceeds to trial, the Parties shall include in their proposed jury instructions adverse inference jury instructions for the non-disclosure of Susan Rankin and for the missing bus etiquette document attachment.

DATED:  January 15, 2026

  /s/ Jennifer Choe-Groves  
Jennifer Choe-Groves  
U.S. District Court Judge[*]

---

[*] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.