UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ZACHARY HARRIS,<br><br>        Plaintiff,<br><br>v.<br><br>BECHTEL MARINE PROPULSION CORPORATION and FLUOR MARINE PROPULSION, LLC,<br><br>        Defendants. | Case No. 4:20-cv-00360-JCG<br><br>**OPINION AND ORDER** |

Before the Court is Defendants Bechtel Marine Propulsion Corporation's ("Bechtel") and Fluor Marine Propulsion, LLC's ("Fluor") (collectively "Defendants") Motion for Reconsideration of Order (Dkt. 138) on Plaintiff's Motion for Terminating Sanctions (Dkt. 108) ("Defs.' Br." or "Def.'s Mot.") (Dkt. 140). Plaintiff Zachary Harris ("Harris" or "Plaintiff") opposed the motion, and Defendants filed a reply. Pl.'s Resp. Opp'n Defs.' Mot. Reconsideration (Dkt. 140) ("Pl.'s Resp. Br.") (Dkt. 144); Defs.' Reply Supp. Mot. Reconsideration (Dkt. 140) ("Defs.' Reply Br.") (Dkt. 145).

For the following reasons, the Court denies Defendants' Motion.

**LEGAL FRAMEWORK**

Federal Rule of Civil Procedure 54(b) allows a district court to revise any order "that adjudicates fewer than all of the claims . . . at any time before the entry

of a judgment adjudicating all the claims[.]" Fed. R. Civ. P. 54(b). District courts

throughout the Ninth Circuit are frequently guided by substantially the same

standards as those used to reconsider final orders pursuant to Federal Rule of Civil

Procedure 59(e). See e.g., Lindstrom v. Bingham Cnty., Idaho, No. 1:17-cv-

00019-DCN, 2018 WL 3186925, at *2 (D. Idaho June 28, 2018) (citing Ninth

Circuit law applying Rule 59(e) when using court's inherent power to reconsider

an interlocutory order); Hathaway v. Idaho Pacific Corp., No. 4:15-cv-00086-

DCN, 2017 WL 6268514, at *1 (D. Idaho Dec. 8, 2017) (applying Rule 59(e) to

motion for reconsideration of evidentiary rulings and sanctions issued prior to

trial); Thomason v. Moeller, No. 4:16-cv-141-BLW, 2017 WL 3723638, at *1 (D.

Idaho Aug. 29, 2017) (noting that although a district court has the inherent power

to modify its interlocutory orders prior to entry of judgment, absent highly unusual

circumstances, a motion for reconsideration will not be granted "unless the district

court is presented with newly discovered evidence, committed clear error, or there

is an intervening change in the controlling law") (citing Kona Enters., Inc. v. Estate

of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)); Santoro v. Ocwen Loan Servicing,

LLC, No. 6:14-cv-00522-MK, 2020 WL 97784, at *1 n.1 (D. Or. Jan. 8, 2020)

(noting the considerations of Rule 59(e) "govern[ ] reconsideration of interlocutory

OPINION AND ORDER – 2

orders under Rule 54(b).") (citing <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009)).

While Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order, motions for reconsideration are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003). The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency." <u>Costello v. United States Gov't</u>, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). As a result, the moving party must demonstrate that reconsideration is warranted based upon one of four grounds: (1) to correct manifest errors of law or fact; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to consider an intervening change in the law. <u>Turner v. Burlington N. Santa Fe R. Co.</u>, 338 F.3d 1058, 1063 (9th Cir. 2003).

A motion for reconsideration is not intended to provide litigants with a "second bite at the apple." <u>Weeks v. Bayer</u>, 246 F.3d 1231, 1236 (9th Cir. 2001). Thus, the "motion may not be used to raise arguments or present evidence for the first time [that] could reasonably have been raised earlier in the litigation," <u>Kona Enterprises, Inc.</u>, 229 F.3d at 890, nor is it an opportunity to reargue the moving

parties' positions, see Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014) (finding no abuse of discretion where the district court denied a motion to reconsider the judgment based on the same arguments made in the original motion).

## DISCUSSION

On January 15, 2026, the Court granted in part and denied in part Plaintiff's request for a sanction of dismissal against Defendants pursuant to Federal Rule of Civil Procedure 37.  Opinion and Order (Jan. 15, 2026) (Dkt. 138).  Rather than dismiss the case, the Court considered the arguments raised by the parties in support of their respective positions, determined that lesser sanctions were a more appropriate remedy, and ordered adverse inference jury instructions regarding the non-disclosure of a relevant fact witness and the non-disclosure of a bus etiquette document.  Id.

Defendants argue first that the Court should reconsider its decision to order an adverse inference jury instruction regarding the non-disclosure of fact witness Susan Rankin, because ordering a deposition of Ms. Rankin would be a more appropriate lesser sanction.  Defs.' Br. at 1–3.  Plaintiff counters that a deposition at this late stage of the proceedings would not remedy the prejudice caused to Plaintiff, because Plaintiff would no longer be able to depose Ms. Rankin when her recollection was fresh or when additional discovery could have been pursued for information regarding company-wide practices and comparators that Ms. Rankin

might have revealed if the deposition took place during the regular discovery period.  Pl.'s Resp. Br. at 3–4.  Plaintiff's arguments are similar to the objections raised during the November 17, 2025, videoconference with the Parties regarding Plaintiff's motion for terminating sanctions.  Conf. Audio Trans. at 8:35–9:45; 10:30–12:50.

Defendants offer the same arguments made previously during briefing on the motion for terminating sanctions, and offer additional arguments regarding the feasibility of a deposition that they could and should have made previously.  See Defs.' Br.; Defs.' Reply Br.  The arguments do not raise newly discovered or previously unavailable evidence, nor do they raise an intervening change in the law, convince the Court that it clearly erred, or demonstrate that the Court's decision results in manifest injustice.  See Turner, 338 F.3d at 1063.  Accordingly, Defendants have not met their burden of demonstrating that reconsideration is warranted, and the Court denies Defendants' request to order a deposition of Ms. Rankin in place of an adverse jury instruction.

Defendants also argue that the Court should reconsider its finding that Defendants failed to preserve a version of the bus etiquette document from the 2018 timeframe in which Plaintiff was discharged.  Defs.' Br. at 3–6.  During the original sanctions proceedings, Plaintiff claimed that Defendants failed to produce a "Bus Etiquette.docx" file that appeared to be attached to an email sent in August

2018.  Mem. Supp. Mot. Terminating Sanctions at 6–7 (Dkt. 108-1).  Defendants'
response and sur-reply focused on asserting that the bus etiquette document was
not intended to be an HR policy and noted that Defendants "kept one Word
document on which occasional revisions were added and saved, overwriting the
prior version rather than maintaining separate dated copies showing each revision."
Defs.' Mem. Law Opp'n Pl.'s Terminating Sanctions Mot. at 7 (Dkt. 122); see also
Defs.' Reply Pl's Nov. 5, 2025 Filing (Dkt. 127) Re Pl.'s Mot. Terminating
Sanctions (Dkt. 108) (Dkt. 129-1).  Defendants countered that they produced a
2016 pdf version of the bus etiquette document and later produced the 2025 Word
version, but had no other versions.  Defs.' Mem. Law Opp'n Pl.'s Terminating
Sanctions Mot. at 4–7.  Plaintiff's reply focused on alleged misrepresentations
made by Defendants regarding the bus etiquette documents.  Reply Mem. Supp.
Mot. Terminating Sanctions (Dkt. 108) at 3–4 (Dkt. 127).  Plaintiff also argued that
the metadata from the 2025 Word version indicated that the document was created
in January 2017 and modified as recently as January 2025, and therefore
Defendants failed to preserve any version of the bus etiquette document from the
2018 timeframe despite the bus policies being relevant to the case since its
inception.  Id.

    Defendants argue now that the 2016 pdf version of the document that was
produced during discovery was not changed prior to Plaintiff's discharge.  Defs.'

Br. at 4 (citing Decl. (Second) of Jeff Peck on Defs.' Mot. Reconsideration (Dkt. 140-1)); Defs.' Reply Br. at 7.  Plaintiff responds that Defendants only confirm the Court's finding that there was no version preserved from the relevant 2018 timeframe.  Pl.'s Resp. Br. at 4–5.  Plaintiff contends that Defendants' claim that the 2016 pdf version was unchanged is unsubstantiated and should have been presented during the original sanctions proceedings.  Id. at 5.

The Court agrees that Defendants have not provided new evidence to support their claim or pointed to a change in the relevant law.  Nor do Defendants' arguments demonstrate that the Court committed a manifest injustice by concluding that Defendants did not produce a version of the bus etiquette document from 2018, particularly given the lack of incontrovertible evidence as to whether the 2016 pdf version was unchanged and in effect at the time of Plaintiff's termination.  Accordingly, the Court denies Defendants' request to remove the sanction regarding the bus etiquette document.

## CONCLUSION

Upon consideration of Defendants' Motion for Reconsideration of Order (Dkt. 138) on Plaintiff's Motion for Terminating Sanctions (Dkt. 108) (Dkt. 140), and all other papers and proceedings in this action, it is hereby

**ORDERED** that Defendants' Motion for Reconsideration of Order (Dkt. 138) on Plaintiff's Motion for Terminating Sanctions (Dkt. 108) (Dkt. 140) is denied; and it is further

**ORDERED** that in light of the Court setting this case for a jury trial from November 16–20, 2026, the Parties shall, no later than March 13, 2026, meet and confer and file an updated proposed scheduling order for proceeding to trial, along with a cover letter requesting the Court to enter the joint proposed scheduling order if there are no disputes or other issues concerning scheduling that the Court needs to address. The pre-trial order should comply with District Local Rule 16.3 (Civil) and address trial submissions, trial memorandum and objections to trial submissions, responses to trial memoranda, motions in limine, voir dire, jury instructions, and exhibit lists. If the Parties are unable to agree upon an updated proposed scheduling order, each Party shall file an updated proposed scheduling order by the deadline and contact my Case Manager, Steve Taronji, by telephone at (212) 264-1611 or via e-mail at steve_taronji@cit.uscourts.gov, to arrange a conference with the Court.

DATED: March 6, 2026

 /s/ Jennifer Choe-Groves
Jennifer Choe-Groves
U.S. District Court Judge*

---

* Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.